IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALYSSIA BROWN,

        Plaintiff,                    No. 2:08-cv-1689 JAM JFM

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS,

        Defendant.                <u>ORDER</u>

                                /

        Presently calendared for hearing on September 10, 2009 is defendant's August 3, 2009 motion to compel a Rule 35 examination of plaintiff. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        Plaintiff alleges discrimination, retaliation and failure to prevent discrimination and retaliation in violation of Title VII and the Fair Employment and Housing Act. Plaintiff contends that as a result of the alleged discrimination and retaliation, she suffers from Post Traumatic Stress Disorder ("PTSD"), depression, anxiety, panic attacks, and has been unable to work since February 2007.

1

Plaintiff has conceded that she has placed her mental condition in controversy. (Jt. Stmt. at 2.) Plaintiff also concedes that defendant is entitled to have an expert perform a mental exam pursuant to Fed. R. Civ. P. 35.[1]

The issue here is the scope of the Fed. R. Civ. P. 35 examination. Defendant seeks an order compelling plaintiff to submit to psychological testing and a psychiatric examination. However, plaintiff contends the examination should be limited to the nature, extent and causes of plaintiff's emotional distress.

A court order for a physical or mental examination must also be based on a showing of 'good cause.' Fed. R. Civ. P. 35(a). 'Good cause' generally requires a showing of specific facts justifying discovery -- i.e., allegations showing the need for the information sought and lack of means for obtaining it elsewhere. Schlagenhauf v. Holder, 379 U.S. 104, 114-122 (1964); and see Marroni v. Matey, 82 F.R.D. 371, 372 (E.D. Penn. 1979).

Plaintiff has placed her mental condition in controversy. Plaintiff contends she suffered such severe emotional distress that she was placed on medical leave effective February 1, 2007. (Complt. ¶ 8.) In her deposition, plaintiff claims she was placed on medical leave because she was having panic attacks. (Pl.'s Depo. at 429-32.) Plaintiff was then sent to outpatient treatment for three to four months. (Id. at 434-36.) Plaintiff contends she was diagnosed with PTSD, panic attacks, anxiety, depression, ulcers and irritable bowel syndrome, which she claims are all caused by employees of defendant. (Id. at 437-40.) Plaintiff states she is taking six different medications for PTSD. (Id. at 22-27.) Plaintiff contends she has not been able to work since February 2, 2007, and that none of her medical providers have indicated that she can return to work. (Id. at 49, 53.)

/////

---

[1] Plaintiff has been examined by psychiatrist Dr. Tahami in connection with her workers compensation claim. Defendant confirmed that Dr. Tahami performed the Beck Depression Inventory test, and was willing to stipulate that the Beck Depression Inventory not be repeated.

2

1         Plaintiff has been diagnosed with many different mental disorders, including
2 PTSD, Major Depressive Disorder, panic attacks, Generalized Anxiety Disorder, and Mood
3 Disorder NOS.  (Dr. Pickel Decl. ¶ 5.)  The psychological tests sought will provide objective
4 information about plaintiff's psychological functioning that will, in turn, assist defendant's
5 psychiatric expert, Dr. Pickel, to develop hypotheses and analyze information obtained from the
6 clinical interview and records review.  (Hausman Decl. ¶ 6.)

7         Moreover, the fact that petitioner is being treated for various mental disorders
8 suggests multiple causation for her emotional distress may exist.  Defendant should be allowed to
9 determine whether plaintiff's emotional state may have been effected by something other than
10 defendant's alleged actions.  "For each item of damages . . . the plaintiff must show that the
11 damage was proximately caused by the defendant's unlawful conduct.  In turn, the [defendant] is
12 entitled to show that other factors contributed to the plaintiff's damages."  <u>Doe v. City of Chula</u>
13 <u>Vista</u>, 196 F.R.D. at 568 (S.D.Cal. 1999) (citations omitted).  Thus, it would be inappropriate to
14 limit the time frame or the scope of the exam in the manner suggested by plaintiff.

15         Good cause appearing, defendant's amended motion to compel a Rule 35
16 examination of plaintiff will be partially granted, subject to the limits set forth below.

17         In accordance with the above, IT IS HEREBY ORDERED that:

18         1.  The hearing date of September 10, 2009 is vacated.

19         2.  Defendant's August 13, 2009 amended motion to compel Rule 35 testing and
20 examination of plaintiff (#14) is partially granted, subject to the following limitations.

21         3.  The Beck Depression Inventory shall not be repeated.

22         4.  The testing shall include the Wechsler Adult Intelligence Scale III or N, the
23 Minnesota MultiphasicPersonality Inventory 2, and the Rochester Inkblot Test.  The tests will be
24 administered by Dr. Sheryl Hausman at 1300 I Street, Sacramento, California.  Plaintiff and
25 defendant's retained psychological expert, Dr. Hausman, will be present.  No others may be
26 present during the testing.  The testing will occur on September 15, 2009, beginning at 9:00 a.m.,

with an hour for lunch from 12 noon until 1:00 p.m.  The testing shall not exceed four hours in duration.

     5. Plaintiff shall submit to a psychiatric examination ("examination") conducted by Dr. Stuart M. Pickel.  The examination will take place at 1300 I Street, Sacramento, California.  Plaintiff and defendant's retained psychiatric expert, Dr. Pickel, will be present.  No others may be present during the testing.  The examination will occur on September 18, 2009, beginning at 9:00 a.m., with an hour for lunch from 12 noon until 1:00 p.m.  The examination shall not exceed four hours in duration.

     6. The scope of Dr. Pickel's examination can consist of taking a history of plaintiff's present psychiatric complaints, including subjective psychological symptoms and objective signs, as well as inquiring into causal factors.  This will include a history of the changes over time in plaintiff's psychological and/or emotional signs or symptoms since the onset of any psychological and/or emotional distress reportedly connected to the alleged incident(s) at the California Department of Corrections and Rehabilitation (CDCR), including the extent to which any psychological and/or emotional signs or symptoms interfere with plaintiff's functioning.

     Dr. Pickel may also gather information about plaintiff's usual daily schedule as of the time of the evaluation, any psychiatric treatment plaintiff is receiving, and her current level of functioning to gather information regarding any psychiatric disability.  In addition, Dr. Pickel may inquire into any past history of emotional distress and psychological symptoms and signs, including any similarity or contribution to plaintiff's current claim of emotional distress, psychological symptoms and signs, and psychiatric impairment and/or disability, if any.  Dr. Pickel may also ask plaintiff about any past psychiatric, psychological and/or mental health treatment to determine the effectiveness of such treatment and whether she had any residual emotional distress, psychological symptoms and signs, and psychiatric impairment and/or disability, if any.

/////

The scope of the examination may also include inquiries into plaintiff's family, marital and significant romantic relationship histories; history of accidents and injuries; disability and unemployment benefits; legal, occupational, educational, and past personal history; as well as into any financial problems, living and economic situations; sexual and medical histories; and drug and alcohol histories.

7. Plaintiff is permitted to audiotape the instructions for each test as well as the interview portion of the psychiatric examination. Said audiotape may be transcribed.

8. Defendant CDCR is responsible for the costs of conducting the testing and examination.

DATED: September 1, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; brown1689.ime