IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALYSSIA BROWN,** | Case No. 2:08-CV-01689-JAM-JFM |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS,** | |
| Defendant. | |

Defendant's motion for summary judgment or in the alternative, summary adjudication, came on for hearing on January 20, 2010 at 9:30 a.m., in Courtroom 6, before the Honorable John A. Mendez.  Plaintiff was represented by Richard Rogers. Defendant was represented by Deputy Attorney General Marcie Larson.

Having considered the papers filed in support of and opposition to defendant's motion, the oral arguments of the parties and all other matters presented to the Court, the Court rules as follows:

The Court sustains each of defendant's objections to plaintiff's evidence in support of plaintiff's opposition to defendant's motion. The Court sustains the objections on each of the grounds set forth by defendant in its papers.

1

[Proposed] Order Granting Defendant's Motion For Summary Judgment (2:08-CV-01689-JAM-JFM)

PDF created with pdfFactory trial version www.pdffactory.com

The Court grants summary judgment on Count Four set forth in plaintiff's complaint, race discrimination in violation of the Fair Employment and Housing Act (FEHA) Government Code section 12900, *et. seq*; Count Five, retaliation in violation of the FEHA; Count Six, failure to take reasonable steps to stop and deter discriminatory and retaliatory conduct in violation of the FEHA; and Count Seven, violation of California common law as set forth in the California Constitution and statutes. Summary judgment as to Counts Four through Seven is granted on the basis that defendant is immune from liability pursuant to the 11th Amendment.

As to Count One, race discrimination and hostile work environment in violation of Title VII, the Court grants summary judgment. Count One is time-barred by the 300-day statute of limitations set forth in Title VII. Plaintiff's charge of discrimination states that from February 1, 2006 until October 1, 2006, defendant subjected her to a racially hostile work environment and after she complained, she was retaliated against by a new supervisor. There are no facts in her charge of discrimination which states she is claiming she was subjected to continuing discrimination or adverse actions occurring before February 2006.

Additionally, plaintiff argued in her opposition without any factual or legal support, that the race discrimination and hostile work environment claims are not time-barred because the hostility continued when she received her first Duty Statement and Observations on January 8, 2007. However, a party cannot create a genuine issue of material fact by making assertions in legal memoranda. Additionally, a party may not create an issue of fact by an affidavit contradicting her prior deposition testimony. This applies whether the previous statement involved a purely factual contradiction or a legal conclusion. Plaintiff testified at her deposition that Carlos Galindo was the only person who discriminated against her because of her race. Therefore, plaintiff's contention that the discrimination continued while she work for Cathy Reyes is rejected by the Court.

As to Count Two, retaliation in violation of Title VII, the Court grants summary judgment. In order to establish a *prima facie* case of retaliation under Title VII, plaintiff must show involvement in a protected activity, an adverse employment action and a causal link between the two.

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiff argues in her opposition that her disability is the adverse employment action she
2  suffered as a result of retaliation. Plaintiff also argues that her assignment to Ms. Reyes for
3  evaluation of her competency was hostile and further rendered her disabled by discriminatory
4  working conditions.

5  It is undisputed that after plaintiff complained of discrimination and informed Mr. Galindo's
6  supervisors that she did not want to work for him, she was temporarily moved to a different
7  section working for Ms. Reyes. It is likewise undisputed that plaintiff was not subjected to an
8  adverse employment action while working for Ms. Reyes.

9  Plaintiff failed to direct the Court to any evidence demonstrating that Ms. Reyes had any
10 knowledge about plaintiff's discrimination complaint, thus failing to show a causal link that Ms.
11 Reyes acted as a "cat-paw" as plaintiff claims.

12 Plaintiff also provided no proof of any causal link between her psychiatric condition and
13 disability and any discriminatory or retaliatory treatment by defendant. Additionally, defendant
14 has articulated legitimate, non-retaliatory reasons for its action to transfer plaintiff, including that
15 the transfer was made at plaintiff's request.

16 For the reasons set forth above, plaintiff has not and cannot present a *prima facie* case of
17 retaliation. Even if the Court believed plaintiff could demonstrate that there is a genuine issue of
18 material fact, the defendant has proven that there is evidence of legitimate, non-retaliatory reasons
19 for its action. As such, defendant is entitled to summary judgment as to Count Two.

20 As to Count Three, failure to take reasonable steps to stop and deter discriminatory and
21 retaliatory conduct in violation of Title VII, summary judgment is granted.  In this count, plaintiff
22 asserts that the defendant engaged in unlawful employment action under Title VII by failing to
23 take reasonable steps to stop and deter discrimination and retaliation.  As with Count Two,
24 plaintiff failed to present evidence that she was discriminated against because of her race. To
25 prevail on a Title VII discrimination claim, a plaintiff must first establish a *prima facie* case of
26 discrimination. See Vasquez v. County of Los Angles, 349 F.3d 634 (2004) A plaintiff may
27 establish a *prima facie* case by showing (1) she belonged to a protected class, (2) she was
28 performing according to her employer's legitimate expectations, (3) she suffered an adverse

3

PDF created with pdfFactory trial version www.pdffactory.com

employment action, and (4) other employees with qualifications similar to her own were treated more favorably.

Plaintiff failed to establish she was subjected to any adverse employment action. She also failed to dispute defendant's legitimate, non-discriminatory reasons for its actions. Therefore, plaintiff cannot and has not stated a *prima facie* claim for discrimination.

In addition, plaintiff cannot maintain her claim for hostile work environment. To prevail on a hostile work environment claim under Title VII, a plaintiff must establish that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. See Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) To determine whether conduct was sufficiently severe or pervasive to violate Title VII, the court must look to all the circumstances, including the frequency of the discriminatory conduct, its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employees work performance. See Vasquez v. County of Los Angles, 349 F.3d 634 (2004)

In this case, the conduct plaintiff complains about is not the type of conduct that rises to the level of hostile work environment. Plaintiff has no evidence that non-African Americans were treated differently. Further, upon complaining about Mr. Galindo, plaintiff was transferred and never worked with Mr. Galindo again. Because plaintiff cannot show that the conduct in this case rises to the requisite level of severe or pervasive, she cannot claim that she was subjected to a hostile work environment.

As such, because plaintiff cannot establish claims for either discrimination or retaliation, she is not permitted as a matter of law to pursue a claim for failure to prevent discrimination or retaliation under Title VII. See Tritchler v. County of Lake, 358 F.3d 1150 (2004)

///

///

///

PDF created with pdfFactory trial version www.pdffactory.com

For the reasons set forth above, the Court grants defendant's motion for summary judgment in its entirety.

IT IS SO ORDERED.

Dated:  January 26, 2010          /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com